Argued July 3, decided July 15, 1913.

## ASHLEY & RUMMELIN *v.* HIMMELFARB.

(133 Pac. 771.)

**Bills and Notes—Presentation and Protest.**

1.   Protest can only be made in the case of a negotiable instrument which has been duly presented and payment refused.

**Bills and Notes—Presentation and Protest—Necessity of Protest.**

2.   Where defendant's liability to plaintiff grew out of his indorsement of a draft and his request to plaintiff to pay the amount of it to a person supposed to be but who was not the payee, and not by reason of the dishonor of the draft by the drawer to whom it was not presented for payment, protest was not required.

**Witnesses—Examination—Right to Cross-examine.**

3.   A party has the right to cross-examine his adversary's witnesses and rebut anything not before brought out.

**Appeal and Error—Harmless Error—Examination of Witnesses.**

4.   Under Article VII, Section 3, of the Constitution, as amended (see Laws 1911, p. 7), providing that, if the Supreme Court on consideration of all the matters submitted shall be of the opinion that the judgment excepted to was such as should have been rendered in the case, it shall be affirmed, the court, where it is satisfied from all the evidence that neither cross-examination of plaintiff nor the rebuttal of the evidence of a witness for plaintiff could have changed the result so that the judgment was such as should have been rendered notwithstanding any errors at the trial, the judgment will be affirmed.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE EAKIN.

The action was by Ashley & Rummelin, a corporation, against M. S. Himmelfarb to recover upon a promissory note.

The answer denies the allegations of the complaint and affirmatively alleges facts seeking to show that defendant took one Dow to plaintiff's bank to have a draft, in the sum of $845, cashed; said draft being drawn on the Everett Bank of Everett, Pennsylvania. Also that plaintiff did not know Dow, and had defendant indorse the draft; and, when the draft was re-

turned unpaid because Dow was not the payee thereon, the plaintiff induced defendant to sign the note sued on for the amount advanced by plaintiff for the draft; defendant contending that he did not know the effect of his indorsement, nor that the paper he signed later was a note.

The reply denies the new matter in the answer. The court directed a verdict for the plaintiff for the amount of the note.                          AFFIRMED.

For appellant there was a brief over the names of *Messrs. Seitz & Seitz,* with an oral argument by *Mr. Maurice Seitz.*

For respondent there was a brief and an oral argument by *Mr. Walter S. Hufford.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. It is first contended that defendant was not liable on his indorsement of the draft because it was not protested for nonpayment. This objection is without merit, as protest can be made only in the case of a negotiable instrument which has been duly presented and payments refused.

2. There is nothing in the record to show the form of the draft or whether it is negotiable; but in no event was protest required in the case of this draft because it was not duly presented for payment, and a refusal to pay it was not a dishonor thereof, as it was not presented by the payee nor his indorsee. Defendant's liability to plaintiff grew out of his indorsement of the draft to the plaintiff and his request to plaintiff to pay the amount of it to Dow, and not by reason of the dishonor of the draft by the drawer, nor did it depend upon presentment and protest thereof.

The only other assignments of error relate to the refusal of the court to permit cross-examination of the witness Ashley, called by plaintiff in rebuttal, and to permit defendant to rebut the evidence of witness Constable, called by plaintiff at the commencement of his case, but confessedly evidence in rebuttal, and in directing a verdict. No offer was made showing what he expected to bring out by the cross-examination of Ashley or by the rebuttal of the evidence of the witness Constable. Constable, who wanted to get away at once, was the first witness called by the plaintiff with defendant's consent; the testimony being introduced only as rebuttal. Defendant testified that he took Dow, who was seeking to cash the draft, to Ashley, cashier of the plaintiff, and asked him to cash the draft for Dow; that Mr. Ashley, after some questioning as to Dow's identity, asked defendant how long he had known him, and defendant answered nearly two years, but that he did not know his name until he saw the draft; and that Ashley asked defendant to sign the draft with Dow, which he did. He says in his answer that, two or three days after the draft was cashed by plaintiff, defendant found out that Dow had been known by the name of Morgan, and he notified Ashley of that fact; and that when he signed the note he was greatly excited, indicating that he realized his liability in the matter. Ashley was recalled in rebuttal and cross-examined at some length by defendant's counsel, when the court adjourned for the day. In the morning, on reconvening, the judge announced that he had made up his mind that there was no case to be submitted to the jury, and that he would direct a verdict for plaintiff. Defendant stated that he desired to finish his cross-examination of Ashley. The court replied: "I don't think you are entitled to that; you have made out your case and rested; and if

there was anything you wanted to ask him you should have called him.'' And the same ruling was made to the rebuttal of the evidence of the witness Constable, who was called before defendant was on the stand. Thus it appears that the court was of the opinion that neither the cross-examination of Ashley nor the rebuttal of the evidence of Constable could add to the merits of the defense or weaken the plaintiff's case on the proof.

3, 4. Although a party has a right to cross-examine the adversary's witnesses and rebut anything not before brought out, yet in this case we are satisfied, after reading the evidence, which is all before us, that such examination could not have changed the result. It is provided by Article VII, Section 3, of the Constitution, as amended (see Laws 1911, p. 7): ''If the Supreme Court shall be of the opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed.'' And we are of the opinion that the verdict and judgment were such as should have been rendered in the case, notwithstanding any errors that may have been committed at the trial.

The judgment is affirmed.            AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.